E-FILED
Wednesday, 06 May, 2026  11:34:25 AM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| BEN VENTURA,<br>        Plaintiff,<br><br>v.<br><br>FRAN VELLA-MARRONE, *et al.*,<br>        Defendant. | Case No. 26-cv-1185 |

**Order**

Now before the Court is the *pro se* Plaintiff, Ben Ventura's Application to Proceed in the District Court Without Prepaying Fees or Costs. (D. 2).[1] For the reasons set forth below, the Plaintiff's application to proceed *in forma pauperis* (IFP) is DENIED, and his Complaint (D. 1) is DISMISSED WITH PREJUDICE.

"The federal in forma pauperis statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed IFP. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). A court shall dismiss a case at any time if: 1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

Here, the Plaintiff's Complaint alleges, in its entirety: "1. Defendants Gotlieb and Edwards frequently violated due process, With the support from Fran Vella-Marrone, 2. The compensation demand is above the jurisdictional limit." (D. 1).

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

Even construing the Plaintiff's Complaint liberally, the allegations fall woefully short of stating a plausible claim for relief. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers[]"). The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii). *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

Here, the Plaintiff does not provide any details about the parties or their actions, the basis for filing in this Court, or any other context to support his conclusory, baseless allegations. Furthermore, materially-identical Complaints have been filed in numerous courts around the country, including in the U.S. District Court for the Eastern District of Arkansas, the U.S. District Court for the Western District of Missouri, the U.S. District Court for the District of New Hampshire, the U.S. District Court for the District of Nebraska, the U.S. District Court for the District of Nevada, this Court, and many other district courts. The cases were all filed between January and May 2026, thus far at least. The Plaintiff's mailing address is in North Dakota, but the envelope he mailed his complaint in, here and in the other cases, is postmarked in New York.  See (D. 1 at ECF p. 2).

An action is "malicious" in the context of Section 1915(e)(2)(B)(i) where it is "intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Certainly, where a plaintiff files the same complaint with the same, baseless,

meager allegations—completely devoid of context or supporting facts—in over 32 courts, that plaintiff intends to harass either the defendant, the court, or both.

Thus, for the foregoing reasons, the Plaintiff's Complaint (D. 1) is DISMISSED WITH PREJUDICE for failure to state a claim and as malicious. The Motion to proceed IFP (D. 2) is DENIED. The Application, submitted under penalty of perjury, is wholly lacking in detail. In any event, the Court will not permit the Plaintiff to pursue this malicious action. The Clerk is directed to enter judgment and close this case.

*It is so ordered.*

Entered on May 6, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE